```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**RICHARD DARON KENNEDY,**      :
                                :
    **Petitioner,**          :
                                :
**vs.**                         :  **CIVIL ACTION NO. 17-0028-KD-B**
                                :
**JUDGE JOHN R. LOCKETT,** *et al.*,  :
                                :
    **Respondents.**         :

**REPORT AND RECOMMENDATION**

Richard Daron Kenney, an Alabama prison inmate proceeding *pro se*, brought this action seeking federal habeas corpus relief in the Middle District of Alabama. (Doc. 1). That court recently transferred the action to this Court (Doc. 5), and as a result, the action is now before the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.[1]  Upon careful consideration, it is recommended that this action be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A)[2].

---

[1]  The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

[2]  In Kennedy's objection to the Magistrate Judge's Report and Recommendation recommending that this action be transferred from
(Continued)

**I.  NATURE OF PROCEEDINGS**

According to Kennedy's petition, and other records electronically maintained by this Court, see Kennedy v. Mobile, Alabama District Attorney's Office et al, CA-14-195-WS-B; Kennedy v. Mobile Circuit Court, CA-13-00161-CG-C; Kennedy v. Forniss, CA 10-00251-CC-C; and Kennedy v. Forniss, CA-07-00338-CG-M-983, Kennedy was convicted of murder and child abuse in the Circuit Court of Mobile County, Alabama on January 7, 1998, and was sentenced to consecutive terms of life imprisonment and ten years. Kennedy v. Mobile Circuit Court, CA-13-00161-CG-C, Doc. 2 at 1.  Kennedy pursued a direct appeal and sought collateral relief by filing a Rule 32 petition in the state courts. Id. at 2.  After those petitions were unsuccessful, Kennedy, on June 29, 2007, filed with this Court a habeas petition seeking relief under 28 U.S.C. § 2254. See Kennedy v. Forniss, CA-07-00338-CG-M, Doc. 1.  On November 20, 2007, Magistrate Judge Bert W. Milling recommended the dismissal of Kennedy's petition on the ground that it was time barred. See Kennedy v. Forniss, CA-07-00338-CG-M, Doc. 17.  The report and recommendation was adopted

---

the Middle District of Alabama to this Court, Kennedy admits that he has brought prior habeas proceedings in the Southern District of Alabama that have been dismissed as successive. (Doc. 3 at 4-5).

as the Order of the Court, and on February 28, 2008, Kennedy's motion for certificate of appealability was denied. Kennedy v. Forniss, CA-07-00338-CG-M, Docs. 21, 32.  On May 6, 2008, the Eleventh Circuit Court of Appeals denied Kennedy's motion for a certificate of appealability. See Kennedy v. Forniss, CA-07-00338-CG-M, Doc. 36.  Subsequent thereto, Kennedy has filed various actions with this Court seeking collateral relief, all of which have been denied. See Kennedy v. Mobile, Alabama District Attorney's Office, CA-14-195-WS-B; Kennedy v. Mobile Circuit Court, CA-00161-CG-C; Kennedy v. Forniss, CA 10-00251-CG-C.

In the instant action, Kennedy seeks habeas relief pursuant to 28 U.S.C. § 2241.  Kennedy asserts as follows: that the Alabama State Courts are depriving Kennedy of his constitutional rights "to obtain his fundamental due process to be heard based on newly discovered evidence" in the form of a confession by the guilty party; that the prosecutor in his trial failed to turn over exculpatory evidence; that the trial judge used "coercion tactics" on the jurors; that Kennedy is actually innocent of the crime charged; that Judge Lockett erred in refusing to rule on Kennedy's *in forma pauperis* motion on appeal; the state courts have "unlawfully impeded constitutional claims dealing with courts' authority to impose punishment (subject matter jurisdiction)"; and that the State of Alabama has "refused

3

Kennedy his constitutional protection under the pro se litigant guarantees promised to him by federal law". (Doc. 1). The undersigned notes, as a preliminary matter, that because Kennedy is challenging his state sentence, and is in custody under the judgment of an Alabama court, 28 U.S.C. § 2254 applies to his petition despite his failure to designate it as one seeking relief under that statute. A state prisoner trying to obtain relief from his sentence cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing a petition purporting to be something else. See Thomas v. Crosby, 371 F. 3d 782, 787 (11th Cir. 2004)( ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"). Accordingly, this court must apply the procedural restrictions applicable to § 2254 petitions to Kennedy's instant petition regardless of the fact that he has designated it as a § 2241 petition.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") provides that before a state inmate can file a second or successive § 2254 petition, he must seek and obtain an order from the court of appeals authorizing the district court to consider the second or successive petition 28 U.S.C. §2244(b)(3)(A); Morris v. Fla. Dep't. of Corr., 519 Fed. Appx.

990 (11th Cir. 2013). 28 U.S.C. §2244(b)(3)(A) expressly provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. §2244(b)(3)(A). Without prior approval from the courts of appeals, the district court simply lacks authority to consider a "second or successive" application. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

In this action, Kennedy does not allege and there is nothing in the record to suggest that he has requested and has received authorization from the Eleventh Circuit Court of Appeals to bring this successive petition before this Court. Thus, this Court is without subject-matter jurisdiction to consider Kennedy's petition, and as a result, this action is due to be dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases

(December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Kennedy has not demonstrated that he has applied to and received permission from the Eleventh Circuit to file this successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. Farris, 333 F.3d at 1216. Under the facts of this case, a reasonable jurist could not conclude either that this Court is

6

in error for dismissing the instant petition or that Kennedy should be allowed to proceed further. See Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Kennedy's petition should be dismissed. As a result, he is not entitled to a certificate of appealability.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned recommends that the Court dismiss Kennedy's petition as an improper successive petition, and find that he is not entitled to a certificate of appealability, and is further not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties

should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    DONE this the **18th** day of **January, 2017.**

                                              /s/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**